IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARK CHRISTIAN HENDERSON                                                    PLAINTIFF
ADC # 078763

v.                                    4:23CV01002-LPR-JTK

DEXTER PAYNE, et al.                                                       DEFENDANTS

**ORDER**

Mark Christian Henderson ("Plaintiff") is in custody at the Varner Unit of the Arkansas Division of Correction ("ADC"). He filed a pro se complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2) and a Motion to Proceed in forma pauperis ("IFP Motion") pursuant to 28 U.S.C. § 1915(a), which was granted. (Doc. Nos. 1-3). The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

**I.   Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**II.    Discussion**

    **A.    Plaintiff's Complaint**

Plaintiff sued ADC Director Dexter Payne, Sergeant McBride, and unidentified Doe Defendants in their personal and official capacities.  (Doc. No. 2).  Plaintiff alleges failure to train in connection with Covid-19 precautions and Plaintiff's work conditions, unconstitutional conditions of confinement related to Covid-19 precautions and Plaintiff's work conditions, and deliberate indifference to serious medical needs.     (Id. at 1-5).  Plaintiff seeks damages.  (Id.at 6).

Certain allegations in Plaintiff's Complaint fail to state a claim on which relief may be granted.  The Court will give Plaintiff the chance to cure the defects in his pleading.

    **B.    Official Capacity Claims Under 42 U.S.C. § 1983**

Plaintiff sued Defendants in their personal and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."  Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity damages claims against Defendants are the equivalent of

claims against the state of Arkansas and are barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

    C.    **Personal Capacity Claims Under 42 U.S.C. § 1983**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

In his statement of claim, Plaintiff made no allegations against Dexter Payne. Because liability under § 1983 is based on an individual's actions, Plaintiff has failed to state a claim against Defendant Payne on which relief may be granted. Plaintiff does not make any specific allegations against any Doe Defendant. He has failed to state a claim against any Doe Defendant for that reason.

Plaintiff alleges deliberate indifference to his serious medical needs and unlawful conditions of confinement. But Plaintiff does not explain who was aware of his serious medical needs and ignored those needs. And Plaintiff does not say who was aware that his conditions of confinement put him at a substantial risk of harm, but ignored that risk. As such, as currently pled these claims fail.

Plaintiff alleged Defendant McBride directed Plaintiff to remove Roundup pesticide from the ground without giving Plaintiff proper safety equipment, resulting in Plaintiff having a stroke.

The Court will serve these claims, but will wait to do so until Plaintiff has had the chance to cure the other defects in his pleading.

### D. Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect. With the exception of Plaintiff's claims against Defendant McBride, only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that certain claims in his Original Complaint be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

## III. Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from

4

the date of this Order. If Plaintiff does not submit an Amended Complaint, I will recommend that certain claims in his Original Complaint be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 31st day of October, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE