IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARK CHRISTIAN HENDERSON                                                        PLAINTIFF
ADC # 078763

v.                                    4:23CV01002-LPR-JTK

DEXTER PAYNE, et al.                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Mark Christian Henderson ("Plaintiff") filed this lawsuit on October 19, 2023, alleging violations of his constitutional rights. (Doc. No. 2). After screening Plaintiff's Complaint pursuant to the Prison Litigation Reform Act,[1] on December 4, 2023 the Court recommended Plaintiff's claims against Defendant Dexter Payne and the Doe Defendants be dismissed for failure to state a claim on which relief may be granted, along with Plaintiff's official capacity damages

---

[1] The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

claim. (Doc. No. 6). The Recommendation remains pending. (Id.). That same day the Court directed service on Defendant McBride. (Doc. No. 7).

On January 24, 2024, Summons on Defendant McBride was returned unexecuted. (Doc. No. 13). The Arkansas Board of Corrections Compliance Division provided a letter stating "no Sergeant McBride employed" and pointing out that Plaintiff did not allege the date on which the incident in question occurred. (Id. at 2). The ADC employed a Corporal Lisha McBride who terminated on June 3, 2022. (Id.). But because Plaintiff provided neither a date of the alleged wrongdoing or a first name for Defendant McBride, the ADC was unable to determine if Lisha McBride was the individual Plaintiff intended to sue. (Id.).

On January 25, 2024, the Court directed Plaintiff to provide within thirty days Defendant McBride's first name or the dates of the alleged wrongdoing. (Doc. No. 14). The Court's January 25, 2024 Order advised Plaintiff that if Plaintiff did not do so, and if Defendant McBride was not served, the Court would recommend Plaintiff's claims against Defendant McBride be dismissed without prejudice. (Id.). Plaintiff did not respond to the Court's January 25, 2024 Order. To date Defendant McBride has not been served. (Doc. Nos. 7, 13).

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time....

FED. R. CIV. P. 4(m). It is the plaintiff's responsibility to provide sufficient information for the Court to serve Defendant McBride. Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993).

This Court's January 25, 2024 Order (Doc. No. 14) constituted notice to Plaintiff, within the meaning of Rule 4, that service should be made within a specified period of time. Yet

2

Defendant McBride still has not been served more than five months after Plaintiff filed his Complaint.

Additionally, Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provides, in part, that "[i]f any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice."  LOCAL RULE 5.5(c)(2).  Again, Plaintiff has not responded to the Court's January 25, 2024 Order.  Accordingly, Plaintiff's claims against Defendant McBride should be dismissed, without prejudice, for lack of service and failure to prosecute.  FED. R. CIV. P. 4; Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993); LOC. R. 5.5(c)(2).

As mentioned above, the Court's Recommendation that Defendant Payne and the Doe Defendants be dismissed remains pending.  (Doc. No. 6).  If United States District Judge Lee P. Rudofsky adopts the pending Recommendation (Doc. No. 6) and the Recommendation at hand, all Defendants in this case will have been dismissed.  As such, the Court further recommends that this case be terminated.

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's claims against Defendant McBride be DISMISSED without prejudice for lack of service and failure to prosecute.

2. Defendant McBride be DISMISSED as a party to this action.

3. This case be TERMINATED.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal would not be taken in good faith.

3

Dated this 26th day of March, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE